**RECORD NUMBER: 14-4341**

# United States Court of Appeals
## *for the*
# Fourth Circuit

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**JOVAN CORNELIUS SIMON,**

*Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA AT FLORENCE**

# OPENING BRIEF OF APPELLANT

ANDREW MACKENZIE
BARRETT & MACKENZIE, LLC
100 Mills Avenue
Greenville, SC 29605
T: (864) 232-6247
andrewmackenzie @barrettmackenzie.com

*Counsel for Appellant*

COUNSEL PRESS • VA – (800) 275-0668

# TABLE OF CONTENTS

**PAGE**

Table of Authorities……………………………………………………………..2

Jurisdictional Statement…………………………………………………………3

Issues Presented For Review……………………………………………………4

Statement of the Case……………………………………………………………5

Statement of the Facts……………………………………………………………8

Summary of Argument……………………………………………………………10

Argument 1………………………………………………………...........11

Argument 2 ……………………………………………………………….12

Argument 3 ……………………………………………………………….13

Conclusion……………………………………………………………...15

Certificate of Compliance

Certificate of Service

# TABLE OF AUTHORITIES

**CASE LAW**                                                                                                              **PAGE**

*Anders v. California,* 386 U.S. 738 (1967) ……………………………...7 and 15

*Bell v. Wolfish,* 441 U.S. 520 (1979) …………………………………………..12

*Michigan v. DeFillippo,* 443 U.S. 31 (1979) …………………………………..12

*Ornelas v. United States,* 517 U.S. 690 (1996) ……………………………...11 and 12

*United States v. Edwards,* 666 F.3d 87 (4th Cir. 2011) …………………………...12

*United States v. Hughes,* 401 F.3d 540 (4th Cir. 2005) …………………………...13

*United States v. Lewis,* 606 F.3d 193 (4th Cir. 2010) ………………………….11

*United States v. Smith,* 62 F.3d 641 (4th Cir. 1995) ………………………………13

**STATUTES**

1. 18 U.S.C. 922 ………………………………………………………………...5

2. 18 U.S.C. 924 ………………………………………………………………...5

3. 18 U.S.C. 3231 ……………………………………………………………….3

4. 21 U.S.C. 841 ………………………………………………………………...5

5. 28 U.S.C. 1291 ……………………………………………………………….3

**SENTENCING GUIDELINES**

1. U.S.S.G. Section 3C1.1 …………………………………………………….13

## **JURISDICTIONAL STATEMENT**

Under 18 U.S.C. 3231, the district courts of the United States have original jurisdiction of all offenses against the laws of the United States. This court has jurisdiction over this appeal under 28 U.S.C. 1291 as this appeal is from a final judgment convicting and sentencing Mr. Simon for an offense against the United States.

## **ISSUES PRESENTED FOR REVIEW**

1. Whether the district court committed error by failing to suppress the the results of the search of the automobile Simon was driving on February 28, 2012.

2. Whether the district court committed error by failing to suppress the results of the search of Simon's person on May 9, 2013.

3. Whether the district court committed error by enhancing Simon's sentence by determining that Simon obstructed justice by committing perjury at a pretrial suppression hearing.

## **STATEMENT OF THE CASE**

A federal grand jury for the District of South Carolina, Florence Division, originally indicted Jovan Cornelius Simon on September 25, 2012. The indictment charged Simon with unlawfully being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1), 924(a)(2), and 924(e) and 2.

On August 12, 2013, Simon filed a motion to suppress the search of the automobile he was driving when he was arrested on February 28, 2012. The government filed its response on August 19, 2013. The court conducted a hearing on the motion on August 21, 2013

The government filed a Superseding Indictment on August 27, 2013. This indictment added a count of conspiracy to distribute cocaine base, cocaine, and marijuana in violation of 21 U.S.C. 841.

The court continued hearing Simon's motion to suppress on October 8, 2013. The court denied Simon's motion finding that the search of the automobile he was driving on February 28, 2012 was lawful.

The court held a pretrial conference on October 16, 2014. Simon made a motion to sever the two counts of the superseding indictment. The court denied the motion.

On October 23, 2013, Simon filed another motion to suppress. This time he moved to suppress the search of his person on May 9, 2013. The government filed

5

its response on October 28, 2013. The court heard the motion on November 1, 2013. At the hearing, Simon testified that he did not know what was inside a sock when he tied it around his genitals. (See the Statement of the Facts section below.) Simon also said that when the sock fell to the ground as a result of the police trying to remove it from his pants, it was just a black sock and there were no drugs or contraband in plain sight. The court denied Simon's motion finding that the search of his person was lawful.

The court conducted a jury trial in the case November 5-6, 2013. The jury found Simon guilty of conspiracy to distribute cocaine and cocaine base. The jury did not find him guilty of conspiracy to distribute marijuana. The jury also found Simon guilty of unlawfully possessing a firearm as a convicted felon.

The probation office prepared a Presentence Investigation Report on January 24, 2013. At page 8, paragraphs 20 and 21, the Report gave Simon a 2-level enhancement of his offense level for obstruction of justice. The report alleged that Simon committed perjury at the suppression hearing on November 1, 2013. Simon filed several objections to the report. The government filed no objections. On April 23, 2014, Simon filed a Sentencing Memorandum in Support of Variance for Non-guideline Sentence.

The court held a sentencing hearing on April 24, 2014. The court concluded that, under the federal sentencing guidelines, Simon's total offense level was 28

and his criminal history category was IV. This resulted in a prison range of 110 to 137 months. The court sentenced Simon to 137 months in prison. Judgment was filed in the case on April 25, 2014. Simon timely filed his notice of appeal on May 9, 2014.

Appellate counsel for Simon certifies that he has reviewed the district court record of this case and has found no meritorious issues for review. This brief is submitted pursuant to *Anders v. California,* 386 U.S. 738 (1967).

## **STATEMENT OF THE FACTS**

On February 28, 2012, Officer Matthew Sarvis with the South Carolina Highway Patrol initiated a traffic stop of a 2010 Dodge Charger at US Highway 501 and 544 for a window tint violation. The vehicle did not stop immediately and continued down the road turning onto Holt Road. Once the vehicle came to a stop, the passenger, Markie Cox, jumped out of the vehicle and fled on foot. The driver, Jovan Simon, stayed in the vehicle, and as Officer Sarvis approached the vehicle, the officer smelled the odor of burnt marijuana coming from the vehicle.

Shortly after Cox jumped from the vehicle, he injured himself while fleeing from the scene. Cox then returned to the vehicle for medical attention. Officer Sarvis ordered Simon to remain in the vehicle and to discontinue use of his cellphone. Additional officers arrived and placed Simon and Cox in handcuffs. While officers were on the scene, a female showed up to get the vehicle, but she was denied access.

A check of Simon's driver's license revealed his license was suspended. A subsequent search of the vehicle revealed a Glock model 26 9mm pistol, 60 rounds of ammunition, a Steyer .40 caliber pistol, and 12 rounds of .40 caliber ammunition in the glove box.

On May 9, 2013, South Carolina Highway Patrol Trooper Geddings initiated a traffic stop on Jovan Simon's vehicle for a speeding violation as Simon was

8

clocked traveling 54 miles per hour in a 45 mile per hour zone near Highway 90 and East Cox Ferry Road in Conway, South Carolina. A check of Simon's driver's license revealed his license was suspended. Simon was arrested and charged with Driving Under Suspension. A search of Simon's person was conducted and the officer could feel a bulge in the front area of Simon's pants. The officer then removed a black sock from Simon's crotch area. The sock was tied around Simon's genitals. The sock contained a white powder substance and an off-white rock-like substance later determined to be powder cocaine and crack cocaine.

     Markie Cox, who was the codefendant in the original indictment, testified at trial that he met Simon in 2009 through Simon's brother, "Skeet." Cox stated he never knew Simon to have employment but knew that Simon sold drugs. Cox advised he purchased crack cocaine from Simon from 2009 until Cox went to prison in October 2011. Cox said he purchased up to two grams twice a month during that period.

     Cox was released on bond after being arrested with Simon on gun charges on February 28, 2012. Cox said Simon telephoned him after being released on bond and told him he would stop by his house and give him something. Cox said Simon came to his house and gave him seven grams of crack cocaine. Cox said he sold some of the crack cocaine and smoked some of it.

9

# SUMMARY OF ARGUMENT

1. The district court committed error by failing to suppress the results of the search of the automobile Simon was driving on February 28, 2012.

2. The district court committed error by failing to suppress the results of the search of Simon's person on May 9, 2013.

3. The district court committed error when it enhanced Simon's sentence for obstruction of justice because the court found that Simon committed perjury at a pretrial suppression hearing.

# ARGUMENT 1

### Standard of Review

A trial court's determination of "reasonable suspicion" is reviewed on appeal *de novo;* however, the appellate court should review findings of fact by the district court for clear error, and "give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas v. United States,* 517 U.S. 690, 699 (1996).

### Discussion

An officer who detects the odor of marijuana emanating from a vehicle has probable cause to search it. *United States v. Lewis,* 606 F.3d 193, 195-98 (4th Cir. 2010).

Simon would state that the search of the automobile he was driving on February 28, 2012 was in violation of the Fourth Amendment to the United States Constitution. Trooper Sarvis testified that he was justified in searching the car because he smelled the odor of burnt marijuana. This testimony was not credible because the trooper did not initially include this justification in his written incident report. Also, no drugs were found in the car when it was searched. Therefore, evidence of the firearms that were found in the search of the car should be suppressed.

## **ARGUMENT 2**

### **Standard of Review**

See *Ornelas v. United States,* 517 U.S. 690, 699 (1996) above.

### **Discussion**

If there is probable cause for an arrest, searches of a person incident to arrest are a well established exception to the warrant requirement of the Fourth Amendment. *Michigan v. DeFillippo,* 443 U.S. 31, 35 (1979).

In determining the reasonableness of sexually invasive searches, the need for a particular search is balanced against the invasion of personal rights caused by the search. The court examines the search in its complete context and considers the following factors: 1) the place in which the search was conducted; 2) the scope of the particular intrusion; 3) the manner in which the search was conducted; and 4) the justification for initiating the search. *United States v. Edwards,* 666 F.3d 877 (4th Cir. 2011), 883, citing *Bell v. Wolfish,* 441 U.S. 520, 559 (1979).

Simon would state that the search of his person on May 9, 2013 was in violation of the Fourth Amendment of the United States Constitution. The search on this occasion was an unreasonably intrusive strip search. It was a strip search. It was a search of Simon's private areas in a public place. It was unnecessarily painful and humiliating for Simon. Therefore, the district court should have suppressed the evidence of the illegal drugs found during the search.

# ARGUMENT 3

## Standard of Review

A district court's determination of whether a defendant obstructed justice is reviewed on appeal for clear error. *United States v. Hughes,* 401 F.3d 540, 560 (4th Cir. 2005).

## Discussion

U.S.S.G. Section 3C1.1 provides for a two-level enhancement if "(A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction; or (ii) a closely related offense."

The definition of perjury contains three elements: (1) false testimony (2) concerning a material matter (3) given with the willful intent to deceive (rather than as a result of, say, confusion, mistake, or faulty memory)." *United States v. Smith,* 62 F.3d 641, 646-47 (4th Cir. 1995).

'"Material" evidence, fact, statement, or information, as used in this section, means evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination. U.S.S.G. Section 3C1.1 Application Note 6.

13

As stated above, at the pretrial suppression hearing on November 1, 2013, Simon testified that he did not know what was inside the sock when he tied it around his genitals. He also said that when the sock fell to the ground as a result of the police trying to remove it from his pants, it was just a black sock, and there were no drugs or contraband in plain sight.

Simon would state that this was not perjury. The purpose of the pretrial suppression hearing was not to determine what was in the sock. The purpose of the hearing was to determine the reasonableness and legality of the search of Simon's person. Therefore, what Simon said about the contents of the sock was not material. What Simon said about the contents of the sock, if believed, would not tend to influence or affect the issue under determination. Therefore, Simon should not have been given a 2-level sentencing enhancement for obstruction of justice.

## **CONCLUSION**

In accordance with the requirements of *Anders v. California,* 386 U.S. 738 (1967), appointed counsel has reviewed the record of this case. It is counsel's opinion that the appeal is frivolous and lacking of any meritorious appellate issues. Counsel respectfully requests that this court conduct an independent review of the record to determine whether there are any grounds for challenging the judgment below.

A copy of this brief has been sent to Mr. Simon, and he has been informed of his right to raise any additional issues within a reasonable time.

                                                 Respectfully submitted,

                                                 s/Andrew Mackenzie
                                                 Attorney ID# 6142
                                                 Barrett-Mackenzie, LLC
                                                 Attorney for Appellant
                                                 100 Mills Ave.
                                                 Greenville, SC 29605
                                                 864-232-6247

September 29, 2014
Greenville, South Carolina

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 14-4341     Caption: U.S. v. Jovan Simon

CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

    This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [✓] this brief contains __2,265__ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [ ] this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [✓] this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 [*identify word processing program*] in Times New Roman, 14 Point [*identify font size and type style*]; **or**

    [ ] this brief has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) Andrew Mackenzie

Attorney for Appellant

Dated: 9/29/2014

04/13/2012
SCC

# CERTIFICATE OF SERVICE

I certify that on  9/29/2014   the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Arthur Bradley Parham
OFFICE OF THE U.S. ATTORNEY
41 West Evans Street
Room 222
Florence, SC 29501
843-667-3988
brad.parham@usdoj.gov


/s/ Andrew Mackenzie                          9/29/2014
_____          _____
             Signature                                              Date